693 P.2d 1090

The **LOCKHART COMPANY,** formerly **Financial Credit Corporation,** a Corporation, **Plaintiff-Counter-defendant-Appellant,**

v.

Ray A. **NAEF** and Ina Edna **Naef,** Husband and Wife, **Defendants-Counterclaimants-Respondents.**

No. 14280.

Court of Appeals of Idaho.

Dec. 27, 1984.

John M. Sharp, Sharp, Anderson, Bush & Nelson, Idaho Falls, for plaintiff-counter-defendant-appellant.

Reginald R. Reeves (argued), Denman & Reeves, Idaho Falls, for defendants-counter-claimants-respondents.

## ON DENIAL OF PETITION FOR REHEARING

This opinion supersedes our prior opinion issued October 26, 1984, which is hereby withdrawn.

## PER CURIAM.

This action was brought by a commercial lender, Lockhart Company, to collect on a promissory note secured by collateral in the form of both personal property and real property. The borrowers, Ray and Ina Naef, counterclaimed for damages, contending that the lender had charged a usurious rate of interest under statutes then in existence. The trial court entered summary judgment in favor of Lockhart with respect to its complaint, but it reserved the counterclaim for a trial before an advisory jury. After the trial, the court concluded that the loan had been usurious. The court entered judgment for the borrowers on their counterclaim, subject to an offset for the amount due to the lender on its complaint. The lender has appealed that part of the judgment relating to the counterclaim. We vacate the judgment and remand for a limited new trial.

The usury issue turns upon Idaho statutes no longer in effect. At times perti-

nent to this case, I.C. § 28–22–105 prohibited lenders from charging interest in excess of thirteen percent; but I.C. § 28–33–201 allowed eighteen percent interest to be charged on certain "consumer loans." The instant loan was not a "consumer loan" on its face but Lockhart contended that it had been made a "consumer loan" by agreement of the parties, as then authorized by I.C. § 28–33–601.

It appears undisputed on the record that the borrowers signed an agreement, in a form furnished by the lender, that the loan be treated as a "consumer loan." A representative of the lender failed to sign this instrument. However, the instrument contained some indicia, which we need not detail here, that it had been prepared and approved by the lender. The advisory jury was asked to decide whether both parties had "signed" the instrument. The jury returned a finding, adopted by the trial judge, that the instrument had not been so "signed." We will not disturb this finding. I.R.C.P. 52(a).

The effect of the finding is that the loan could not be treated as a "consumer loan." The lender was not authorized to charge interest in excess of thirteen percent. It is uncontroverted that the lender, in fact, charged a higher rate. Therefore, as a matter of law, usury occurred.

However, our Supreme Court has held that not every case of usury gives rise to a remedy in damages. "[T]he usury laws were not designed to permit a debtor to default on a contract which was not clearly oppressive, which was not clearly within the prohibition of the usury law, and into which he had entered knowingly, freely and with arms length bargaining." *Bethke v. Idaho Savings and Loan Association*, 93 Idaho 410, 414, 462 P.2d 503, 507 (1969). The *Bethke* court continued, "[A] lender, in order to be held liable to the forfeitures prescribed in the usury statute, must be found to have knowingly and with corrupt intent charged usurious interest." *Id. See also D & M Development v. Sherwood & Roberts, Inc.*, 93 Idaho 200, 457 P.2d 439 (1969). The borrowers have the burden to show, by clear and convincing

evidence, that they are entitled to a recovery based on a claim of usury. *Bethke, supra; see also Buchanan v. Dairy Cows,* 97 Idaho 481, 547 P.2d 526 (1976); *Meridian Bowling Lanes, Inc. v. Brown,* 90 Idaho 403, 412 P.2d 586 (1966); Annot. 51 A.L.R.2d 1087, 1103–1107 (1957).

 In this case, neither the advisory jury nor the trial judge heard evidence indicating that Lockhart "knowingly and with corrupt intent" charged a usurious rate of interest. Because of the absence of such evidence, we held—in an earlier opinion in this case (now withdrawn)—that the trial court erred in finding that Lockhart was liable to the borrowers for charging a usurious interest rate. We reversed the judgment which had been entered in favor of the borrowers.

By petition for rehearing, the borrowers have pointed out that no evidence as to a knowing, corrupt intent was presented because the parties agreed at a pretrial conference to present evidence only on the "signing" issue. The borrowers assert that both parties were precluded from presenting evidence concerning Lockhart's intent either because of the pretrial agreement or by order of the court. No written pretrial agreement or order to that effect is in the record, but there is some indication in the record the parties orally agreed to refrain from presenting evidence of Lockhart's intent.

The question of intent was put in issue by the pleadings. The borrowers in their counterclaim had alleged that Lockhart "knowingly took, received, reserved and charged a rate of interest greater than the maximum rate allowed ...." In its answer, the lender denied "that it knowingly took, received, reserved and charged a rate of interest greater than the maximum allowed by law." Although no evidence or stipulation on this issue was presented, the trial court concluded that Lockhart "knowingly took, received and charged a rate of interest on both promissory notes greater than is allowed by law." We believe the trial court erred by reaching a conclusion as to Lockhart's intent without receiving evidence on this material issue.

Accordingly, we vacate the judgment and remand this case in order that evidence may be taken to determine whether Lockhart charged a usurious interest rate "knowingly and with corrupt intent." The trial court should enter appropriate findings of fact and conclusions of law on that issue. Thereafter a new judgment, deciding the claims and counterclaims of the parties, should be entered. If Lockhart ultimately is entitled to judgment because its award exceeds any recovery to which the borrower may be entitled on their counterclaim, then recovery on Lockhart's loan should be limited to an amount based upon the lawful rate of interest. *See Ditmars v. Camden Trust Co.,* 10 N.J. 471, 92 A.2d 12, 25 (1952) (where illegal interest is received by mistake made in good faith and not by intent to evade the usury laws, "the transaction itself is not usurious and forfeiture of legal interest does not follow although the illegal interest received must be repaid"). *See also* 45 Am.Jur.2d *Interest and Usury* § 162 (1969).

The case is remanded for further proceedings consistent with this opinion. Costs to appellant, Lockhart Company. No attorney fees on appeal.